UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMY INTERNATIONAL, INC. <br><br> Plaintiff, <br><br> v. <br><br> ROYAL KING INFANT PRODUCTS CO., LTD. <br><br> Defendant. | Case No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff TOMY International, Inc. files this Complaint and demands for jury trial seeking relief for patent infringement by Defendant Royal King Infant Products Co., Ltd. Plaintiff alleges and states the following.

**NATURE OF LAWSUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2. Plaintiff TOMY International, Inc. ("Plaintiff" or "TOMY") is a corporation organized and existing under the laws of the State of Delaware. Plaintiff's principal place of business is located at 2015 Spring Road, Oak Brook, Illinois 60523. Plaintiff is in the business of making and selling, among other things, feeding products for newborns, infants and toddlers. TOMY is the assignee and the owner of the patents involved in this lawsuit.

3. Defendant Royal King Infant Products Co., Ltd., ("Defendant" or "Royal King") is a corporation organized and existing under the laws of the Nation of Thailand. Defendant

Royal King's principal place of business is located at 933, 11th Floor Ruam Danu, Thai Building, Wang Burapha, Bangkok 10200, Thailand.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Royal King because Royal King has transacted business within this judicial district and therefore has substantial contacts with this judicial district; because Royal King has purposefully availed itself of the privileges of conducting business in this judicial district; and because Royal King has committed acts of patent infringement in this judicial district.

6. Venue properly lies within this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Defendant Royal King has conducted business in this district and committed acts of patent infringement within this judicial district.

## COUNT I – PATENT INFRINGEMENT OF U.S. PATENT NO. 6,976,604

7. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-6 as though fully set forth herein.

8. On December 20, 2005, United States Patent No. 6,976,604 ("the '604 patent") entitled "Restricting Flow in Drinking Containers" was duly and legally issued to inventors James A. Connors, Jr., David E. Medeiros and George S. Dys. TOMY is the owner by assignment of the '604 patent. Attached as Exhibit A is a true and correct copy of the '604 patent.

9. Defendant Royal King has infringed and continues to infringe the '604 patent by making, using, selling and offering to sell and importing the infringing Royal King products, including products bearing markings that indicate they have been manufactured by Royal King.

10. By making, using, selling and offering to sell and importing infringing products, Royal King has infringed the '604 patent directly, contributorily and/or through inducement. Royal King has engaged in the foregoing conduct in the United States without authority from Plaintiff and during the term of the '604 patent.

11. Upon information and belief, Royal King will continue to infringe the '604 patent unless and until it is enjoined by this Court.

12. Royal King has caused and will continue to cause Plaintiff irreparable injury and damage by infringing the '604 patent. Plaintiff will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Royal King is enjoined from infringing the '604 patent.

## COUNT II – PATENT INFRINGEMENT OF U.S. PATENT NO. 7,185,784

13. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-12 as though fully set forth herein.

14. On March 6, 2007, United States Patent No. 7,185,784 ("the '784 patent") entitled "Drinking Containers" was duly and legally issued to inventors James A. Connors, Jr., David E. Medeiros, George S. Dys, James J. Britto and John A. Hession. TOMY is the owner by assignment of the '784 patent. Attached as Exhibit B is a true and correct copy of the '784 patent.

15. Defendant Royal King has infringed and continues to infringe the '784 patent by making, using, selling and offering to sell and importing the infringing Royal King products, including products markings that indicate they have been manufactured by Royal King.

16. By making, using, selling and offering to sell and importing infringing products, Royal King has infringed the '784 patent directly, contributorily and/or through inducement. Royal King has engaged in the foregoing conduct in the United States without authority from Plaintiffs and during the term of the '784 patent.

17. Upon information and belief, Royal King will continue to infringe the '784 patent unless and until it is enjoined by this Court.

18. Royal King has caused and will continue to cause Plaintiff irreparable injury and damage by infringing the '784 patent. Plaintiff will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Royal King is enjoined from infringing the '784 patent.

## COUNT III – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,286,826

19. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-18 as though fully set forth herein.

20. On October 16, 2012, United States Patent No. 8,286,826 ("the '826 patent") entitled "Drinking Containers" was duly and legally issued to inventors James A. Connors, Jr., David E. Medeiros, George S. Dys, James J. Britto and John A. Hession. TOMY is the owner by assignment of the '826 patent. Attached as Exhibit C is a true and correct copy of the '826 patent.

21. Defendant Royal King has infringed and continues to infringe the '826 patent by making, using, selling and offering to sell and importing the infringing Royal King products, including products bearing markings that indicate they have been manufactured by Royal King.

22. By making, using, selling and offering to sell and importing infringing products, Royal King has infringed the '826 patent directly, contributorily and/or through inducement.

Royal King has engaged in the foregoing conduct in the United States without authority from Plaintiff and during the term of the '826 patent.

23. Upon information and belief, Royal King will continue to infringe the '826 patent unless and until it is enjoined by this Court.

24. Royal King has caused and will continue to cause Plaintiff irreparable injury and damage by infringing the '826 patent. Plaintiff will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Royal King is enjoined from infringing the '826 patent.

**COUNT IV – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,540,112**

25. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-24 as though fully set forth herein.

26. On September 24, 2013, United States Patent No. 8,540,112 ("the '112 patent") entitled "Drinking Containers" was duly and legally issued to inventors James A. Connors, Jr., David E. Medeiros, George S. Dys, James J. Britto and John A. Hession. TOMY is the owner by assignment of the '112 patent. Attached as Exhibit D is a true and correct copy of the '112 patent.

27. Defendant Royal King has infringed and continues to infringe the '112 patent by making, using, selling and offering to sell and importing the infringing Royal King products, including products bearing markings that indicate they have been manufactured by Royal King.

28. By making, using, selling and offering to sell and importing infringing products, Royal King has infringed the '112 patent directly, contributorily and/or through inducement. Royal King has engaged in the foregoing conduct in the United States without authority from Plaintiffs and during the term of the '112 patent.

29. Upon information and belief, Royal King will continue to infringe the '112 patent unless and until it is enjoined by this Court.

30. Royal King has caused and will continue to cause Plaintiff irreparable injury and damage by infringing the '112 patent. Plaintiff will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Royal King is enjoined from infringing the '112 patent.

## COUNT V – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,608,017

31. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-30 as though fully set forth herein.

32. On December 17, 2013, United States Patent No. 8,608,017 (the "'017 patent") entitled "Drinking Containers" was duly and legally issued to inventors James A. Connors, Jr., David E. Medeiros, George S. Dys, James J. Britto and John A. Hession. TOMY is the owner by assignment of the '017 patent. Attached as Exhibit E is a true and correct copy of the '017 patent.

33. Defendant Royal King has infringed and continues to infringe the '017 patent by making, using, selling and offering to sell and importing the infringing Royal King products, including products bearing markings that indicate they have been manufactured by Royal King.

34. By making, using, selling and offering to sell and importing infringing products, Royal King has infringed the '017 patent directly, contributorily and/or through inducement. Royal King has engaged in the foregoing conduct in the United States without authority from Plaintiffs and during the term of the '017 patent.

35. Upon information and belief, Royal King will continue to infringe the '017 patent unless and until it is enjoined by this Court.

36. Royal King has caused and will continue to cause Plaintiff irreparable injury and damage by infringing the '017 patent. Plaintiff will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Royal King is enjoined from infringing the '017 patent.

## COUNT VI – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,807,388

37. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-36 as fully set forth herein.

38. On August 19, 2014, United States Patent No. 8,807,388 (the "'388 patent") entitled "Drinking Containers" was duly and legally issued to inventors James A. Connors, Jr., David E. Medeiros, George S. Dys, James J. Britto and John A. Hession. TOMY is the owner by assignment of the '388 patent. Attached as Exhibit F is a true and correct copy of the '388 patent.

39. Defendant Royal King has infringed and continues to infringe the '388 patent by making, using, selling and offering to sell and importing the infringing Royal King products, including products bearing markings that indicate they have been manufactured by Royal King.

40. By making, using, selling and offering to sell and importing infringing products, Royal King has infringed the '388 patent directly, contributorily and/or through inducement. Royal King has engaged in the foregoing conduct in the United States without authority from Plaintiffs and during the term of the '388 patent.

41. Upon information and belief, Royal King will continue to infringe the '388 patent unless and until it is enjoined by this Court.

42. Royal King has caused and will continue to cause Plaintiff irreparable injury and damage by infringing the '388 patent. Plaintiff will suffer further irreparable injury, for which it

has no adequate remedy at law, unless and until Royal King is enjoined from infringing the '388 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter a judgment in TOMY's favor and against Defendant Royal King and provide Plaintiff the following relief:

A. Order, adjudge and decree that Defendant Royal King has infringed the '604 patent, the '784 patent, the '826 patent, the '112 patent, the '017 patent and the '388 patent in violation of 35 U.S.C. § 271(a), (b), and (c);

B. Issue permanent injunctive relief prohibiting Defendant Royal King and its respective parents, subsidiaries, principals, officers, directors, agents, attorneys, employees, and all others in privity with it from infringing the '604 patent, the '784 patent, the '826 patent, the '112 patent, the '017 patent and the '388 patent, pursuant to 35 U.S.C. § 283;

C. Award Plaintiff its damages for patent infringement and prejudgment interest and costs against Defendant Royal King pursuant to 35 U.S.C. § 284; and

D. Award such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues appropriately triable by a jury.

Dated this 4th day of August, 2015.

                                              WHYTE HIRSCHBOECK DUDEK S.C.
                                              Attorneys for Plaintiff

                                        By:  *s/ Thomas P. Heneghan*
                                                Thomas P. Heneghan
                                                IL Bar No. 6201292

ADDRESS:
161 North Clark Street, Suite 4700
Chicago, IL 60601-3206

33 East Main Street, Suite 300
P.O. Box 1379
Madison, Wisconsin 53701-1379
608-234-6032
608-258-7138 (fax)
theneghan@whdlaw.com